FILED
2006 Sep-13 PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **BRYAN R. STOREY,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **vs.** | } | **CASE NO. CV-03-B-2369-NE** |
| | } | |
| **DONAL CAMPBELL, et al.,** | } | |
| | } | |
| **Respondents.** | } | |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama pursuant to 28 U.S.C. § 2254. The petitioner, Brian R. Storey, was convicted on August 6, 1999, in the Circuit Court of Madison County, of murder made capital because it was committed during the course of a robbery in the first degree. He was sentenced to life imprisonment without the possibility of parole.

On appeal, Storey claimed that: 1) the trial court erred in denying his application for youthful offender status; 2) the trial court erred in denying his motion for a continuance of the youthful offender hearing; 3) he was denied the right to a jury representing a fair cross-section of the community; 4) the trial court erred in denying his motion for individual voir dire; 5) the trial court erred in permitting the state to introduce evidence of prior bad acts; 6) the prosecutor engaged in misconduct during oral argument, including commenting on Storey's failure to testify; and 7) the cumulative effect of the

trial court's errors denied him a fair trial. The Alabama Court of Criminal Appeals affirmed the conviction and sentence in a memorandum opinion released on June 23, 2000. *Storey v. State*, 810 So.2d 806 (Ala. Crim. App. 2000)(table). Storey's application for rehearing was denied on August 4, 2000. *Storey v. State*, 814 So. 2d 1011 (Ala. Crim. App. 2000)(table). The Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment on November 17, 2000. *Ex Parte Storey*, 807 So. 2d 618 (Ala. 2000).

On November 16, 2001, Storey filed a Rule 32 petition claiming that his trial counsel was constitutionally ineffective for entering dual pleas of not guilty and not guilty by reason of mental disease or defect.[1] *Respondents' Exhibit F*, pp. 2-6. At an evidentiary hearing on the petition, held on May 15, 2002, Storey added claims that his trial counsel was ineffective for forbidding him to testify in his own behalf and for failing to object to a comment made by the prosecutor in closing argument. *Respondents' Exhibit F,* pp. *7-30.* At the hearing, Storey, his parents, and his trial counsel testified. *Respondents' Exhibit F*, pp. 75-78. On May 21, 2002, the trial judge entered an order denying the petition on the merits. *Id.*

In a memorandum opinion released on April 18, 2003, the Alabama Court of Criminal Appeals affirmed the denial of Storey's Rule 32 petition, finding no merit to the

---

[1]Attorney Susan G. James filed the Rule 32 petition on Storey's behalf and represented him throughout the Rule 32 proceedings. Ms. James is representing the petitioner in this action as well.

petitioner's claims. *Respondents' Exhibit B*. Storey's application for rehearing was overruled on June 13, 2003. *Respondents' Exhibit I.* In his petition for a writ of certiorari, Storey abandoned his claim that counsel was constitutionally ineffective for entering dual pleas of not guilty and not guilty by reason of mental disease or defect, raising only the claim that he "suffered from ineffective assistance of counsel denying his Sixth Amendment right for failure to object to prosecutor[']s comment on defendant's failure to testify." *Respondents' Exhibits J & K*. The Alabama Supreme Court denied the petition for a writ of certiorari and issued a certificate of judgment on September 19, 2003. *Respondents' Exhibit L.*

On August 27, 2003, Storey filed a petition for a writ of habeas corpus in this court. (Doc. 1). In support of his petition, Storey claims that he received ineffective assistance of counsel because his lawyers: 1) pursued dual defenses of not guilty and not guilty by reason of mental disease or defect, and 2) failed to object to the state's direct comment on Storey's failure to testify at trial. *Id.*

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by procedural default. (Doc. 6). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse. (Doc. 10).

The petitioner is procedurally barred from raising his first claim in this court. Storey's claim that he received ineffective assistance of counsel because his lawyers pursued dual defenses of not guilty and not guilty by reason of mental disease or defect is barred because he failed to present the claim to the Alabama Supreme Court for review as required by *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999). "Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Boerckel,* 526 U.S. at 844. To exhaust state court remedies, federal habeas corpus petitioners need only provide the "state courts a fair opportunity to act on their claims." *Id.* The *Boerckel* Court held that in order to satisfy the exhaustion requirement for bringing a habeas corpus petition, the petitioner was required to present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the state. *Id*. at 846.

The Eleventh Circuit Court of Appeals has indicated that "there is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule." *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001).

> The Alabama Supreme Court's certiorari review rule gives that court broad discretion over the issues it will review. Among other grounds, certiorari review can be granted to decide issues of first impression; to decide whether an Alabama Supreme Court decision relied upon by the Court of Criminal Appeals ought to be overruled; and to determine whether the Court of Criminal Appeals' decision conflicted with prior decisions of

> the United States Supreme Court, the Alabama Supreme Court, or the Court of Criminal Appeals itself. [FN5]
>
> > FN5. Alabama Rule of Appellate Procedure 39(c), as in effect at the time of Smith's direct appeal, provided that: In all other cases [except death penalty cases], civil or criminal, petitions for writs of certiorari will be considered only: . . . . (3) From decisions when a material question requiring decision is one of first impression in Alabama; (4) From decisions in conflict with prior decisions of the United States Supreme Court, the Alabama Supreme Court, or the Alabama courts of appeals; . . . and, (5) Where petitioner seeks to have controlling [Alabama] supreme court cases overruled which were followed in the decision of the court of appeals. Ala.R.App.P.39(c)(1990)(amended 2000). The rule has not been changed in any respect relevant to the Boerckel rule since Smith's direct appeal.
>
> Any federal law question would fit within one or more of those grounds for certiorari review, and that is particularly true in light of the limitation on federal habeas review now contained in 28 U.S.C. § 2254(d). Because the scope of the Alabama Supreme Court's discretionary review on direct appeal is broader than that of the Illinois Supreme Court, which was the court whose review procedures were involved in the *Boerckel* case itself, *see* 526 U.S. at 845-48, 119 S. Ct. at 1732-34, Alabama convictions and prisoners clearly come within the scope of the *Boerckel* rule.

*Id*. at 1140-41. Additionally, the Eleventh Circuit Court of Appeals has held that the *Boerckel* rule applies to a petitioner's state collateral review process. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Although Storey raised this claim in his Rule 32 petition and on appeal from the denial of that petition, he abandoned the claim when he petitioned the Alabama Supreme Court for a writ of certiorari by not including it in his petition or brief. Therefore, the petitioner has not satisfied the exhaustion requirements of § 2254(c) as to the dual defenses claim. However, because it is now too late for him to return to state court to

attempt to exhaust the claim, this court considers the claim to be procedurally defaulted. *See Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990).

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 72 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse his procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

Storey has offered nothing to excuse the procedural default of this claim. Although he does argue that a "further miscarriage of justice" will result if this court fails to entertain his petition, he has not established that he is actually innocent of the crime for which he was convicted. Therefore, this claim is due to be DISMISSED.

Storey's second claim, that his attorneys were constitutionally ineffective because they failed to object to the state's direct comment on Storey's failure to testify at trial, was raised in state court and found to be without merit. Because Storey filed this petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amending § 2254, the claim must be evaluated according to the standards as amended by the Act. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Amended § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254. Thus, the petitioner can obtain relief on this claim only if he can establish that the Alabama Court of Criminal Appeals' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). *See Neelley v. Nagle*, 138 F.3d 917 (11 th Cir. 1998), *cert. denied*, 525 U.S. 1075 (1999); *Schlager v. Washington*, 113 F.3d 763, 768 (7th Cir. 1997); *Hodges v. Hawes*, 955 F. Supp. 958, 964 (N.D. Ill. 1997).

In affirming the denial of Storey's Rule 32 petition, the Alabama Court of Criminal Appeals found that his claim that his attorneys were constitutionally ineffective for failing to object to the prosecution's comment on Storey's failure to testify was without merit:

> The appellant contends that his trial counsel was ineffective for failing to object to a comment made by the prosecutor during the State's closing argument. He argues that the comment was about his failure to testify. The comment referred to by [Storey] is, as follows: "It is cold

blooded murder by a person who has offered you not one shred of testimony from this box . . . ." The circuit court addressed this issue in its order, finding, as follows:

> It is this Court's opinion that the D.A.'s statement did not rise to the level that would violate the prohibition against commenting upon the defendant's failure to take the witness stand. It is this Court's interpretation of that statement that the prosecutor believed that the evidence of guilt was uncontroverted. A prosecutor making a comment that the evidence is uncontroverted is not error. *Jackson v. State*, 414 So. 2d 1014 (Ala. Crim. App. 1986).

One of [Storey's] trial counsel explained, during the Rule 32 hearing, why he did not object to the prosecutor's comment, as follows:

> I didn't take that statement as being a comment on his failure to testify. . . . I thought [the prosecutor] was talking about going into the insanity issue, about the – looking at the rest of it, about the rational – a rational person would do this or a rational person would not do that. That's the way I took it.

In reviewing the comment in its proper context with the pertinent part of the argument as a whole, *see Ex Parte Musgrove*, 638 So. 2d 1360 (Ala. 1993), we find that trial counsel's conclusion that the comment related to the insanity issue and to the determination of whether the appellant's acts were rational, was fair and reasonable. We also find that the circuit court's conclusion that the comment was a comment that the evidence was uncontroverted and not a comment on [Storey's] failure to testify, is likewise a fair and reasonable conclusion.

The Fifth Amendment guarantees the criminal defendant an unqualified right to choose whether or not to testify at trial or at sentencing. *Harris v. New York*, 401 U.S. 222, 225 (1971). When a defendant chooses not to testify, the Fifth Amendment generally prohibits the prosecutor from making adverse comments about the defendant's decision not to testify. Indirect commentary on the defendant's silence violates the Fifth Amendment if the prosecutor intends to comment on the defendant's refusal to testify, or the jury would naturally and necessarily interpret the statement as such a comment. *United States v. Brown*, 254 F.3d 454, 462-63 (3rd Cir. 2001); *United States v. Jefferson*, 258 F.3d 405, 414 (5th Cir. 2001).

> > Alabama, by statute, specifically protects the privilege against self-incrimination from comment by the prosecution. § 12-21-200, Ala. Code 1975. A prosecutor must be extremely careful not to overstep the mark or to break with the established protocol regarding statements about that privilege. [*Ex parte*] *Musgrove,* [638 So. 2d 1360 (Ala. 1993)]. To improperly comment on that privilege would be a clear violation of the defendant's rights under Article I, § 6, Ala. Const. 1901, as well as the rights protected by the Fifth Amendment as that Amendment is incorporated into the Fourteenth Amendment to the United States Constitution.
> >
> > In *Ex parte Wilson*, 571 So. 2d 1251, 1261 (Ala. 1990), this Court cited the standard endorsed by the United States Court of Appeals for the Eleventh Circuit:
> >
> > > "[A] statement by a prosecutor is improper if it was manifestly intended to be, or was of such a character that the jury would naturally and necessarily take it to be, a comment on the failure of the accused to testify." *Marsden v. Moore*, 847 F.2d 1536, 1547 (11 th Cir.), *cert. denied*, 488 U.S. 983 (1988), *United States v. Betancourt*, 734 F.2d 750, 758 (11 th Cir.), *cert. denied*, 469 U.S. 1021 (1984).
>
> *Payne v. State*, 683 So. 2d 440, 448 (Ala. Crim. App. 1995)(*quoting Windsor v. State*, 683 So. 2d 1021, 1023-24 (Ala. 1994)), *aff'd* 683 So. 2d 458 (Ala. 1996). *See also Duke v. State*, [Ms. CR-98-1218, May 31, 2002] 889 So. 2d 1 (Ala. Crim. App. 2002).
>
> In light of the prosecutor's entire argument, we do not believe that the comment complained of was a comment on the appellant's failure to testify, nor do we believe that it is reasonable to conclude that the jury took it as such. In looking at the statement in its proper context, we find that it was not a Fifth Amendment violation because the comment was neither manifestly intended nor was it such that a jury naturally and necessarily took it as a comment on [Storey's] failure to testify. The comment referred to the evidence, not [Storey's] failure to testify.

*Respondents' Exhibit B*, pp. 6-8 (footnote omitted).

It is unclear whether Storey is arguing that the Alabama Court of Criminal Appeals' decision on this issue "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or both. In support of his position, Storey offers the following:

> On appeal of the Rule 32 denial, the Court of Criminal Appeals dodged the issue by interpreting the comment as a comment on the evidence. There is simply no way that such could be deduced from the plain and simple language of what the prosecutor said. The prosecutor was speaking of Storey not providing testimony. This is a fundamental denial of Storey's right to a fair trial.

*Storey's Petition for Writ of Habeas Corpus*, p. 31.

> As to Issue B, the State contends that Storey had failed to demonstrate the relevant State Court decision was contrary to clearly established federal laws as determined by the Supreme Court of the United States wherein it involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Storey unequivocally refutes this claim as the State's argument is belied by the record.

*Petitioner's Response to Respondents' Motion for Summary Judgment*, pp. 1-2.

> Clearly[,] disposition of this matter will turn on whether or not this [c]ourt believes that the comment was a direct or indirect statement on Storey's failure to testify. Storey contends that it was and that there is no other explanation for [the] comment.
>
> The entire and complete full paragraph is included in the [respondents'] answer at page 8, wherein the statement "it is cold blooded murder by a person who has not offered you one shred of testimony from this box. . . ." Even when read in that context the statement is still clear to be a comment on the defendant's failure to testify. This is true whether to refute matters relating to an insanity defense or that the defendant failed to deny his guilt.
>
> At page 15 of [their] answer, the [the respondents] indicate[] that the trial court in denying the Rule 32 relief indicated that it interpreted the

> Prosecutor's closing argument with regard to the claimed error of defendant's failure to testify, as his belief that the evidence of guilt was uncontroverted and that making such a comment was not error. This is a weak attempt by the [respondents] to try to color this statement in a light different than its obvious implication. However, the [respondents'] effort[s] fail[].
>
> Regardless of whether or not the Attorney's [sic] saved Storey's life, the issue is that he was denied a fair trial because of the State's improper comment on the defendant's failure to testify. Regardless of how the [respondents] want[] to fashion [their] explanation it does not change the fact that the comment was intended to address Storey's failure to testify and his lawyers failed to object.
>
> With regard to the comment and the Attorney's failure to object at trial, the Trial Court and the Appeals Court has [sic] upheld the fact that these attorneys did not deem [the] comment to be a comment on defendant[']s failure to testify. . . .
>
> Contrary to the [respondents'] suggestion in paragraph 31 of its response, Storey does argue that Federal Court intervention is appropriate in this case because the State Court decision is objectively unreasonable. This statement was clearly a comment on the defendant's failure to testify regardless of how it is painted by the [respondents] or interpreted by the lawyers who failed to object.

*Petitioner's Response to Respondents' Motion for Summary Judgment*, pp. 3-6.

The petitioner has offered nothing to support an argument that the Alabama Court of Criminal Appeal's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. Nor has the petitioner offered anything more than his conclusory allegation that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The court concludes that the Alabama Court of Criminal Appeals' decision that the prosecutor's statement was a comment on the evidence rather than on the petitioner's failure to testify was neither contrary to, nor involved an

unreasonable application of, clearly established Federal law, and that the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, the petitioner's claim that he received ineffective assistance of counsel because his attorneys failed to object to the state's direct comment on his failure to testify at trial is due to be **DISMISSED**.

An appropriate order will be entered.

**DONE**, this the 13th day of September, 2006.

Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE